| Ludlow St. Dev., LLC v Gomez |
|---|
| 2024 NY Slip Op 30527(U) |
| February 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150807/2022 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ            PART          47

*Justice*

------------------------------------------------------------------------------X

LUDLOW STREET DEVELOPMENT, LLC,

                Plaintiff,

- v -

CYNTHIA GOMEZ, RAVEN FLEMING, RAMEL
GONZALEZ, TAMMY ANGEL

                Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150807/2022 |
| MOTION DATE | 08/18/2023 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 144, 145, 146, 147, 148, 155, 156

were read on this motion to/for                DISCOVERY            .

Upon the foregoing documents, it is

Plaintiff moves pursuant to CPLR § 3126(3) to strike defendant Raven Fleming's answer due to her alleged refusal to produce disclosure. In the alternative plaintiff seeks to compel Ms. Fleming to provide full responses to its discovery demands or seeks to preclude Ms. Fleming from introducing evidence at trial. Plaintiff also seeks sanctions to the extent that Ms. Fleming's failure to respond to discovery demands is frivolous, sanctionable conduct.

## BACKGROUND

Plaintiff owns and operates a building located at 188 Ludlow Street, New York, New York (NYSCEF Doc No 1 ¶ 7). Because plaintiff's building was financed in part by housing credits provided by the New York State Housing Finance Agency ("HFA"), it was required to execute a Regulatory Agreement (the "HFA Regulatory Agreement") and rent a percentage of units to low-income tenants (*id*. at ¶ 8-13). The HFA Regulatory Agreement imposes income restrictions on tenants who apply to live in these low income units (*id*. at ¶ 14). To ensure proper

compliance with these requirements, plaintiff hired a company, Asian Americans for Equality ("AAFE"), to perform compliance procedures for the low-income units and their prospective tenants (*id*. at ¶ 16). AAFE hired defendant, Tammy Angel, to select potential, qualified tenants from a waiting list to occupy and rent the low-income units at the building (*id* at ¶ 18-19).

Plaintiff alleges that Ms. Angel entered into a conspiracy to rent the low-income units to people who did not meet the requirements of the HFA Regulatory Agreement (*id*. at ¶ 20). Plaintiff alleges that Ms. Angel caused leases to be rented to defendants, Cynthia Gomez, Raven Fleming, and Ramel Gonzalez, despite fraudulent misrepresentations defendants made on their application materials (NYSCEF Doc No 1 at ¶ 41 – 43). Plaintiff filed this suit on January 26, 2022 and seeks ejectment of defendants Gomez, Fleming, and Gonzalez, and also seeks money damages against defendant Angel alleging fraud (*id*. at p 17).

On February 10, 2023 plaintiff sent *pro se* defendant Raven Fleming a list of discovery demand and a set of interrogatories (NYSCEF Doc Nos 125 & 126). On June 15, 2023 Ms. Fleming responded to plaintiffs demands and interrogatories by invoking her 5th amendment right against self-incrimination on each and every demand (NYSCEF Doc Nos. 129 & 130). After several discovery conferences took place without resolution to the outstanding discovery issues plaintiff filed the instant motion (NYSCEF Doc No 123).

## DISCUSSION

In opposition to this motion Ms. Fleming again asserts her Fifth Amendment right against self-incrimination, arguing that plaintiff has threatened her with criminal prosecution and that her answer should not be stricken for asserting her constitutional rights. The relevant portion of the Fifth Amendment for this matter states that "No person shall be … compelled in any criminal case to be a witness against himself." The Fifth Amendment "not only protects the individual

**150807/2022   LUDLOW STREET DEVELOPMENT, LLC vs. GOMEZ, CYNTHIA ET AL**                **Page 2 of 4**
**Motion No.  006**

2 of 4

against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings" (*Lefkowitz v Turley*, 414 US 70, 77 [1973]). However, "[b]ecause the Fifth Amendment 'protects a person only against being incriminated by his own compelled *testimonial* communications,' it does not obviously apply to production of documents" (*In re DG Acquisition Corp.*, 151 F3d 75, 79 [2d Cir 1998]). The Fifth Amendment can only be asserted to prevent document production when the act of "producing the documents, [itself] has communicative aspects of its own." (*In re DG Acquisition Corp.*, 151 F3d 75, 79 [2d Cir 1998]). "A determination of whether the act of production communicates an incriminatory statement, and is thus protected, depends on the facts and circumstances of particular cases (*Knopf v Esposito*, 517 F Supp 3d 187, 189 [SDNY 2021]).

Indeed, "This privilege does not apply ordinarily to "documents voluntarily prepared prior to the issuance of a summons. Because the documents are not compelled testimony, there is no Fifth Amendment protection for the contents of these records" (*id.*). Furthermore, a "party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence, and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation" (*In re Adelphia Communications Corp.*, 317 BR 612, 624 [Bankr SDNY 2004]).

Here, plaintiff seeks documents which were prepared voluntarily by Ms. Fleming prior to this action. She was not compelled by any state actor to create these documents and she did so out of her own free will. Furthermore, the documents are material and necessary to the

**150807/2022   LUDLOW STREET DEVELOPMENT, LLC vs. GOMEZ, CYNTHIA ET AL**
**Motion No.  006**

**Page 3 of 4**

3 of 4

adjudication of this case as they likely contain probative information regarding the truthfulness of her rental application. Importantly, Ms. Fleming does not have any criminal charges pending against her nor is there any indication that there will be criminal charges brought against her if she is compelled to produce documents or answer the interrogatories. However, because it is in the best interests of justice to reach the merits of cases Ms. Fleming's answer will not be striken and instead she will be compelled to provide full responses to the discovery demands and interrogatories. However, if Ms. Fleming does not provide the relevant discovery within the required time period, her answer may be stricken.

Accordingly, it is:

ORDERED that the part of plaintiff's motion to compel defendant Raven Fleming to provide responses to the discovery demands and interrogatories dated February 10, 2023 is granted, and defendant Raven Fleming shall provide responses within 21 days of the date of this order; and it is further

ORDERED that part of plaintiff's motion to strike the defendant's answer is denied without prejudice with leave to renew upon alleged noncompliance with the above; and it is further

ORDERED that part of plaintiff's motion for sanctions is denied.

20240220164750PGOETZ1B50CB8D05B69422CA6336A2E34BE5A2E

| 2/20/2024 | |
|---|---|
| DATE | PAUL A. GOETZ, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150807/2022   LUDLOW STREET DEVELOPMENT, LLC vs. GOMEZ, CYNTHIA ET AL          Page 4 of 4
Motion No.  006

4 of 4